ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of - | ) | |
| | ) | |
| Najmaa Alshimal Company | ) | ASBCA No. 62701 |
| | ) | |
| Under Contract No. H92277-18-P-0004 | ) | |

APPEARANCE FOR THE APPELLANT:      Mr. Kadhum Husein
                                                                         Manager

APPEARANCES FOR THE GOVERNMENT:   Jeffrey P. Hildebrant, Esq.
                                                                         Air Force Chief Trial Attorney
                                                                         Lawrence M. Anderson, Esq.
                                                                         Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE HERZFELD ON THE GOVERNMENT'S
MOTION TO DISMISS FOR LACK OF JURISDICTION

Appellant, Najmaa Alshimal Company (Najmaa Alshimal), asserts that the United States Special Operations Command Central (the government), owes the company payment after it submitted a quotation for a contract to provide school supplies for children and teachers in Syria.  Respondent, the Department of the Air Force (the Air Force), moves to dismiss Najmaa Alshimal's appeal for failure to submit a certified claim with a sum certain.  For the reasons discussed below, we grant the Air Force's motion.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

On April 5, 2018, the government issued request for quotations No. H92277-18-T-0004 (the Solicitation) for a contractor to "provide prepacked backpacks, prepacked teacher kits and classroom furniture for children and teachers in Syria" (compl., attach. 1 at 6).[1]  On or about April 11, 2018, Najmaa Alshimal submitted its quotation in response to the Solicitation (compl., attach. 2).

On April 13, 2018, the government's contract specialist requested that Najmaa Alshimal provide its company profile and confirm the company was registered in the Joint Contingency Contracting System or the System for Award Management (compl., attach. 4).  The government issued an evaluation notice to Najmaa Alshimal (although

---

[1] Najmaa Alshimal submitted 25 attachments to its complaint (labeled "Attachment 1" through "Attachment 26" with no document labeled as "Attachment 10"). Although the Board deemed these attachments as a supplemental Rule 4 file, we will refer to these documents as attachments to the complaint for ease of reference.

neither the complaint nor the Rule 4 file indicate the specific date) (compl., attach. 8; R4, tab 1).  On May 1, 2018, the contracting officer requested best and final offers from Najmaa Alshimal (although the request stated a new proposal was not required and the company could rely on its initial proposal).  Najmaa Alshimal did not submit a final proposal with further revisions.  (R4, tab 5)

The parties dispute whether the government awarded a contract to Najmaa Alshimal (a dispute central to Najmaa Alshimal's arguments that we do not need to resolve today, as discussed below).  The Air Force states that the government did not make a contract award to Najmaa Alshimal, but instead awarded a contract to another offeror – Trinity Logistics Source (Trinity).  (Gov't mot. at 3)  The Air Force provides the government's evaluation document and the signed contract as evidence that the Government made award to Trinity and not Najmaa Alshimal (R4, tab 4 (Evaluation Memorandum); R4, tab 6 (contract between Government and Trinity)).  On the other hand, Najmaa Alshimal included a May 5, 2018 email notice of award with its notice of appeal to the Board and later submitted a copy of a signed contract with an electronic signature from the contracting officer and a representative from Najmaa Alshimal (compl., attachs. 11, 13; R4, tab 7 at 3).  The Air Force asserts that the contract and the award notice email provided by Najmaa Alshimal were doctored (gov't mot. at 3, declaration of contracting officer Benjamin Farber at 2-3).

On September 6, 2018, Najmaa Alshimal's representative wrote to numerous government officials claiming that the government was "evad[ing] responsibility for this contract" (app. resp., attach. 27).  The representative stated, "I want a solution to my situation . . . .  I am tired a lot and made an effort and spent a lot of money and now I want money and this is my right."  The representative claimed that Najmaa Alshimal had a contract and "[n]ow you are responsible for this."  *Id*.

On October 9, October 28, November 21, December 26, 2018, and August 15, 2020, Najmaa Alshimal's representative sent emails to numerous military email addresses repeatedly stating, among other things, "The Contracting office writing this contract refuses and denies this contract and they do not want to discuss me and I have conclusive evidence that this contract is true and I received the contract from the email of the government" (compl., attachs. 18, 20-26; app. resp., attach. 29). "I want to find someone to help me and verify everything because it is not my fault and I have no fault" (compl., attachs. 18, 20-26; app. resp., attach. 29).  "I ask the government for an immediate meeting with my company in Erbil and I will bring documents, evidence and everything on this contract and I will accept the decision of the government after that" (*see, e.g.*, app. resp., attach. 29 (August 15, 2020 email)).

In the midst of these emails, Najmaa Alshimal also claims it sent an email on December 26, 2018 limited to the following statement:

2

I attached the signed CDA to this contract.  Please save this document in the contract file it's [sic] will be required later.  I will save a[n] appeal with the board.  Thank you[.]

(App. resp., attach. 28)[2]  Appellant also asserts that the email attached a document with the following certification:

I certify that the request for equitable adjustment is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable; and that I am duly authorized to certify the request for equitable adjustment on behalf of the contractor.

(App. resp., attach. 30)  The certification uses the term "request for equitable adjustment" instead of "claim," but is otherwise taken verbatim from the certification required by the Disputes clause (Federal Acquisition Regulation (FAR) 52.233-1), which the Solicitation and Najmaa Alshimal's alleged contract incorporated by reference through the Contract Terms and Conditions – Commercial Items clause (JAN 2017), FAR 52.212-4.  (Compl., attach. 1 at 12, compl., attach. 11 at 14)  The email and certification did not state a sum sought or the basis of the alleged dispute (app. resp., attachs. 28, 30).  In fact, we have reviewed all correspondence in the record from Najmaa Alshimal to the government and the company never provided any dollar amount prior to or with the CDA certification in 2018 (*see* compl., attachs. 14, 16, 18, 20-26).

On October 20, 2020, the Board docketed Najmaa Alshimal's appeal.  The Notice of Appeal recounted Najmaa Alshimal's emails and stated that the government never responded after the company provided information regarding the contract.  Najmaa Alshimal stated:  "Our company spent $2,320,000 on the contract and we [are] asking [for] the money from the government.  We would like to appeal the contract and open an issue with ASBCA."

On December 13, 2020, Najmaa Alshimal filed its complaint, which stated that the company demanded the "full amount in the contract ($3,159,360.00) in additional [*sic*] to

---

[2] The government's contracting officer states that, "after an extensive search," he was unable to find the email and attached certification in the government's contract files (gov't reply, contracting officer's statement of facts at 1-2).  We need not decide whether this email was ever actually sent, and make no finding either way, because the outcome of this motion rests solely upon the question of whether a sum certain was ever requested by Najmaa Alshimal.

3

all the associated damages and losses due to the delay in reimbursing the amount of the contract from the time of award until this time." (Compl. at 3)

The Air Force moved to dismiss Najmaa Alshimal's appeal for failure to certify its claim with a sum certain (gov't mot. at 5). Najmaa Alshimal responded and the Air Force replied. The motion is fully briefed and ready for resolution.

DECISION

Najmaa Alshimal, as the proponent of the Board's jurisdiction, bears the burden of establishing jurisdiction by a preponderance of the evidence. *CCIE & Co.*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816; *see also K-Con Bldg. Sys., Inc. v. United States*, 778 F.3d 1000, 1004 (Fed. Cir. 2015). "The facts supporting jurisdiction are subject to our fact-finding upon a review of the record." *CCIE & Co.*, 14-1 BCA ¶ 35,700 at 174,816.

The Board's jurisdiction under the Contract Disputes Act (CDA) depends on the contractor submitting its claim to the relevant contracting officer and a final decision on, or deemed denial of, the claim. 41 U.S.C. §§ 7103(a) & (f), 7104(a), 7105(e)(1)(A); *K-Con Bldg. Sys.*, 778 F.3d at 1005; *CCIE & Co.*, 14-1 BCA ¶ 35,700 at 174,816. The CDA does not define a claim, but the United States Court of Appeals for the Federal Circuit has adopted the FAR's definition of "claim," which also appears in the Disputes clause: "[A] written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." *K-Con Bldg. Sys.*, 778 F.3d at 1005 (quoting *Reflectone, Inc. v. Dalton*, 60 F.3d 1572, 1575 (Fed. Cir. 1995) (*en banc*) (quoting FAR definition of "claim")); FAR 2.101 (definition of "claim"); (R4, tab 6 at 13 (incorporating FAR 52.212-4, which incorporates the Disputes clause – FAR 52.233-1 – that uses this definition)); *CCIE & Co.*, 14-1 BCA ¶ 35,700 at 174,816.

A claim must "adequately specify both the amount sought and the basis for the request[.]" *K-Con Bldg. Sys.*, 778 F.3d at 1005. The CDA claim need not take "'any particular form or use any particular wording,' so long as it has 'a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim." *Hejran Hejrat Co. v. United States Army Corps of Eng'rs*, 930 F.3d 1354, 1357 (Fed. Cir. 2019) (quoting *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010)). To provide notice for the amount of any monetary claim, the contractor must provide a sum certain in its written communication to the contracting officer. *Sweet Star Logistic Serv.*, ASBCA No. 62082, 20-1 BCA ¶ 37,704 at 183,046. To determine whether a contractor has submitted a CDA claim, we apply a common sense analysis, looking at specific communications on a case-by-case basis and the

4

"totality of the correspondence between the parties." *CCIE & Co.*, 14-1 BCA ¶ 35,700 at 174,816.

Here, Najmaa Alshimal's attempted CDA claim has failed to specify the amount of its claim in a sum certain. Najmaa Alshimal points to three communications to establish that it submitted a proper claim to the government. (App. resp. at 1) First, Najmaa Alshimal points to a September 6, 2018 email requesting a "solution" and demanding "money" (app. resp., attach. 27). Second, Najmaa Alshimal cites its December 26, 2018 email that attached the certification and requested the government to "save this document in the contract file" in anticipation of an appeal to the Board (app. resp., attach. 28). Third, Najmaa Alshimal points to an August 15, 2020 email to numerous military email addresses that requested "an immediate meeting with my company in Erbil" to allow the company to "bring documents, evidence and everything on this contract . . . . to reveal the truth" about what happened (app. resp., attach. 29). None of these documents include a sum certain.

In fact, as we noted above, none of the correspondence in the record from Najmaa Alshimal to the government provided any dollar amount prior to or with the CDA certification in 2018. Indeed, Najmaa Alshimal did not provide a sum certain for its supposed claim until it filed its notice of appeal with the Board nearly two years later in October 2020, when it indicated it spent $2,320,000 in preparing to perform the contract. And, Najmaa Alshimal increased the amount sought when it filed its complaint in December 2020 to $3,159,360, which was Najmaa Alshimal's price in its quotation for all the work. (Compl. at 3) Najmaa Alshimal's complaint also asserts other "damages and associational losses" for which it fails to provide any dollar value. *Id.* Thus, Najmaa Alshimal failed to submit a claim with a sum certain.

Ultimately, because Najmaa Alshimal did not provide a sum certain with its certification, it has failed to submit a claim under the CDA and that deprives us of jurisdiction over this appeal.[3]

---

[3] Najmaa Alshimal's correspondence with the Government and its arguments before the Board center on whether it had a contract. In October through December 2018, Najmaa Alshimal asserted that the company received the contract but the Government "denies this contract[.]" (Compl., attachs. 17-18, 20-23) And, here, the Air Force has denied it entered a contract with Najmaa Alshimal and asserted another entity — Trinity —received the contract (R4, tab 6). We need not reach this disputed question because Najmaa Alshimal failed to submit a claim with a sum certain.

## CONCLUSION

For the reasons discussed above, the Board dismisses Najmaa Alshimal's appeal for lack of subject matter jurisdiction based on the contractor's failure to submit a claim with a sum certain as required by the CDA.

Dated:  June 2, 2021

DANIEL S. HERZFELD
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62701, Appeal of Najmaa Alshimal Company, rendered in conformance with the Board's Charter.

Dated:  June 3, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

6